UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                                         CRIMINAL ACTION NO.
                                                                           3:01CR77 - J
RAYSHUN DEMETRIUS SUBLETT                                                  3:07CV533-J

MEMORANDUM OPINION

This matter presents Rayshun Demetrius Sublett's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Sec. 2255. For the reasons set out below, the Court concludes that movant's arguments are without merit.

Mr. Sublett was charged with six felony counts arising from two incidents of bank robbery. As to each of the events, he was charged with violations of the statutes prohibiting bank robbery, putting a person in jeopardy by use of a dangerous weapon, and brandishing a firearm in connection with a felony. Mr. Sublett entered into a plea agreement to plead guilty to five of the counts, with the sixth count (one of the 924 ( c) counts) being dismissed. He received a total sentence of 240 months imprisonment. After appeal and  remand for resentencing, the 240 month sentence was reimposed on September 18, 2006.

To succeed on a Section 2255 motion, the defendant must identify a fundamental defect that resulted in actual prejudice, and has not been litigated on direct appeal, and for which there exists good cause for failure to raise the matter on direct appeal. The exception to this rule is a claim of ineffective assistance of counsel, which is more properly reviewed in a Section 2255 proceeding. United States v. Tucker, 90 F.3d 1135, 1143 (6th Cir. 1996),  Ciak v. United States, 59 F.3d 296 (2d

1

Cir. 1995). Mr. Sublett contends here that his counsel was ineffective in negotiating the plea agreement, because a proper grouping of the charged offenses should not have resulted in a sentence greater than 144 months.

To establish ineffective assistance of counsel, Mr. Sublett has the burden of demonstrating two components: First, he must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, he must show that the deficient performance prejudice the defense, i.e., caused defendant to be deprived of a "fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, petitioner must show a reasonable probability that absent counsel errors, the results of the proceedings would have been different. Lynott v. Story, 929 F.2d 228 (6th Cir. 1991). The same standard applies in cases of guilty pleas, where the test for the second component is whether, absent the deficient attorney performance, the defendant would have made a different decision about entering a plea of guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Mr. Sublett argues that if he had been convicted following a trial, he could not have received a sentence greater than twelve years; thus, the plea agreement's twenty years was excessive. However, his argument assumes conviction of only five counts (including only one of the 924( c) counts). In determining whether counsel's work in negotiating a plea agreement was deficient, it is necessary to look at the whole picture, which necessarily includes *both* charges of violation of 924 ( c). Had Mr. Sublett been convicted of a second Sec. 924( c), severe mandatory minimum sentence provisions would have been triggered, and a sentence as low as twenty years would not have been an option. By negotiating the dismissal of the second 924( c) count, counsel greatly advantaged Mr. Sublett's situation, permitting a much reduced sentence. Under the circumstances, the Court cannot

agree that counsel's performance was deficient within the meaning of Strickland.

Mr. Sublett's second argument is that jurisdictional portion of Title 18 of the United States criminal code was never properly enacted, such that every conviction under its provisions since 1948 is necessarily void. While for a brief time this argument enjoyed fairly widespread popularity among "jailhouse lawyers," it has routinely met with dismissal as frivolous. If, in fact, the current jurisdictional provisions had not been adopted, the previous provisions would remain in effect; as those provisions granted the United States District Court the same jurisdiction as do the present provisions, no relief would be available on Mr. Sublett's argument. Nonetheless, the Courts have unanimously held that Title 18 was properly enacted. See, e.g., United States v. Collins, 510 F.3d 697 (7th Cir. 2007), United States v. Potts, 251 Fed.Appx. 109 (3d Cir. 2007).

An order in conformity has this day entered.